RECEIVED
AUG 23 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| XIU DONG CHEN,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-0025 |
| VERSUS | CHIEF JUDGE DRELL |
| DAVID COLE, ET AL.,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Lack of Jurisdiction filed by Respondents. (Doc. 7). Respondents seek dismissal of the Petition for Writ of *Habeas Corpus* filed by Xiu Dong Chen ("Chen").

### Background

Chen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 7, 2016. (Doc. 1). Chen was an immigration detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). (Doc. 1). At the time the petition was filed, Chen was detained at the LaSalle Detention Facility in Jena, Louisiana. Chen is contesting his continued detention for more than six months by ICE pending his removal from the United States. Chen requests release pending removal pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

Respondents filed a Motion to Dismiss. (Doc. 7). Respondents show, through a declaration by Bryan S. Pitman, a Supervisory Deportation Officer at the ICE facility in Gadsden, Alabama, that Chen was released from ICE custody on an order of supervision on March 31, 2016. (Doc. 7-2). Additionally, Respondents present a

printout from an ICE database stating that Chen was released from custody under an order of supervision on March 31, 2016. (Id.).

The briefing deadline has lapsed and Petitioner has not responded to Respondents' motion.

## Law and Analysis

Pursuant to Fed. R. Civ. P. 12(b)(1), a district court may dismiss a complaint based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. U.S., 74 F.3d 657, 659 (5th Cir. 1996) (citations omitted). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). "A lack of subject matter jurisdiction may be raised at any time." Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999). The court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Venable v. Louisiana Workers' Compensation Corp., 740 F.3d 937, 941 (5th Cir. 2013) (citation omitted).

Mootness constitutes a threshold jurisdictional inquiry. Louisiana Environmental Action Network, 382 F.3d 575, 580-81 (5th Cir. 2004) (citation omitted). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." U.S. Parole Commission v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

Petitioner was in ICE custody at the time the petition was filed and therefore satisfied the "in custody' requirement under 28 U.S.C. § 2241. However, Chen has since been released from custody. Therefore, Chen has achieved the relief he sought in his habeas petition and the Court lacks subject-matter jurisdiction. Respondents' Motion to Dismiss (Doc. 7) should be granted and Chen's habeas petition should be dismissed as moot.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Respondents' Motion to Dismiss (Doc. 7) be GRANTED and Chen's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time authorized by Fed.R.Civ.P. 6(b),

shall bar an aggrieved party from attacking either the factual finds or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 23rd day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge